IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR108 |
| | ) | |
| v. | ) | |
| | ) | |
| COREY L. KNIGHT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Filing No. 49). For the reasons set forth herein, the Court finds that defendant's motion should be denied.

## BACKGROUND

On February 20, 2004, a one-count indictment was filed in the District of Nebraska, charging defendant, Corey L. Knight, with conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. Defendant was arraigned on February 18, 2005. He entered a plea of not guilty. Defendant's petition to enter a plea of guilty to Count I of the indictment was filed on November 4, 2005, and on November 7, 2005, he appeared in court with counsel and entered a plea of guilty. The Court ordered a pre-sentence investigation report ("PSI"), which assessed the defendant with an offense level of 37 and a Criminal History Category of VI.

This resulted in a sentencing range of 360 months to life imprisonment.

On February 2, 2006, the Court adopted the offense level of 34 and Criminal History Category III, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, and sentenced the defendant to 135 months in prison, five years of supervised release, and a $100 special assessment.  Defendant did not appeal.

The defendant filed a motion on December 15, 2006, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The defendant asserts that his sentence should be vacated based on the following grounds:  (1) an alleged violation of his right to a speedy trial; (2) an alleged variance between the statute charged in the indictment and the statute under which he was sentenced; and (3) an alleged failure of the plaintiff to bring forth sufficient evidence of defendant's participation in the drug conspiracy.

## DISCUSSION

The defendant argues that his Sixth Amendment right to a speedy trial was violated due to alleged delays in his indictment, arrest and trial.  A knowing and voluntary guilty plea waives all non-jurisdictional defects.  *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001).  Speedy trial claims are non-jurisdictional; therefore, by pleading guilty to the

indictment, the defendant waived his right to a speedy trial. *See Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (stating a voluntary and knowing guilty plea constitutes a waiver of speedy trial claims).

Likewise, by pleading guilty to the indictment, including the elements of the charged crime, defendant waived his right to challenge the sufficiency of the evidence against him on that count. *Perry v. United States,* 576 F.2d 158, 159 (8th Cir. 1978); *Arriaga v. United States,* 998 F.2d 1018 (8th Cir. 1993).

Finally, defendant's claim that there was a variance between the statute charged in the indictment and the statute under which he was sentenced is without merit. The indictment charged the defendant with conspiracy to distribute and possession with intent to distribute 50 grams *or more* of cocaine base and 500 grams *or more* of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. The defendant knowingly and voluntarily pleaded guilty to the indictment. The statutory sentencing range for the crime to which defendant pled guilty is established by 21 U.S.C. § 841(b)(1), at a range of 10 years to life imprisonment. The sentence of 135 months imprisonment was within this statutory range.

**CONCLUSION**

The defendant's § 2255 motion will be denied for the following reasons: (1) by pleading guilty to the indictment, defendant waived all non-jurisdictional defects, including speedy trial claims; (2) defendant is precluded from raising a sufficiency of evidence claim because he pleaded guilty to the indictment; and (3) based on the charged offense and defendant's plea of guilty, the defendant's sentence fell within the statutory sentencing range.  Accordingly, defendant's motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 18th day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court